Nelson, J.,
delivered the opinion of the Court.
The demurrer in this case to complainant’s bill, was properly allowed by the Chancellor.
The bill alleges that complainant’s intestate having conveyed his lands in fraud of his creditors, and his estate being insolvent, complainant filed a bill to set aside his fraudulent deeds; that bills were filed by the creditors of the intestate and others, to attach his interest in the land; that a decree for its sale was pronounced on *525 the bill brought by complainant; that John A. Herd, one of the purchasers at the sale, failed to pay the purchase money of the tract purchased by him, and it was re-sold; that William C. Baldwin, the purchaser of part of the lands, paid a considerable part of the purchase money to Wm. McNeil, former Clerk and Master, of whom complainant and others were securities; that the securities were brought before .the Court, and at March Term, 1868, the cases were consolidated, and a decree pronounced in favor of W. N. Bewley, one of the complainants in the consolidated causes, for $800; that numerous debts are still unpaid, and the whole, or the greater part, of the proceeds of the sales of the land will be required to pay the debts and charges; that said McNeil, when he received the money, should have paid off said debts and the liabilities'; that an execution was awarded in favor of said Bewley, against complainant and the other securities of McNeil, who is not a creditor of the intestate, and whose action will have the effect to postpone other creditors.
Injunctions were prayed for and obtained against C. C. Miller and W. N. Bewley, two of the creditors, who had obtained decrees, to restrain them from collecting the moneys due from McNeil’s securities, and also against the Clerk and Master, to prohibit him from issuing executions against them.
There is some obscurity in the allegations of the bill, and neither the original bill previously filed by complainants, nor the consolidated causes, are made parts of the record, nor are they before us in any other way than by the statements of the present bill.
*526 If this bill was filed to cany out the purposes of the original bill, it should have been filed as an amended and supplemental bill. If its object is, as it seems to be, to attack or postpone the decrees in favor of Miller and Bewley, and to show that there were errors in the decrees in their favor, we hold that this cannot be done by original bill. It could only be done by petition for re-hearing filed within the proper time, by writ of error coram nobis, by bill of review, or by writ of error, or appeal to this Court. No fraud is charged upon Miller and Bewley in obtaining their decrees, and the bill seems to have been filed more for delay than for any other purpose.
Affirm the Chancellor’s decree.